DOUGLAS HAN (SBN 232858)
dhan@justicelawcorp.com
SHUNT TATAVOS-GHARAJEH (SBN 272164)
statavos@justicelawcorp.com
PHILLIP SONG (SBN 326572)
psong@justicelawcorp.com
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for* Plaintiff Efrain Perez

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN PEREZ, individually, and on behalf of other members of the general public similarly situated and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"); <br><br> Plaintiff, <br><br> v. <br><br> ARJO INC. D/B/A ARJOHUNTLEIGH INC., a Delaware corporation; and DOES 1 through 100, inclusive; <br><br> Defendants. | Case No.: 2:22-CV-00957-AB-(MAAx) <br><br> <u>PUTATIVE CLASS ACTION</u> <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> *[Filed concurrently with [Proposed] Order and Declaration of Phillip Song]* <br><br> Hearing Date:  April 15, 2022 <br> Hearing Time:  10:00 a.m. <br> Hearing Place:  Courtroom 7B <br><br> District Judge Andre Birotte, Jr. <br> Courtroom 7B <br><br> Complaint Filed:  January 12, 2022 <br> Removal Filed:  February 12, 2022 <br> Trial Date:  None Set |

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 15, 2022 or as soon thereafter as may be heard in Courtroom 7B of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012,  Plaintiff Efrain Perez ("Plaintiff") will and hereby does move for an order remanding this action to the Los Angeles County Superior Court.

Plaintiff moves for remand pursuant to 28 U.S.C. § 1447 on the ground that this Court does not have removal jurisdiction over this case. Defendant Arjo Inc. d/b/a ArjoHuntleigh Inc.'s ("Defendant") assertion of jurisdiction under 28 U.S.C. §§ 1332(a) fails because Defendant did not meet its burden of proof to show that the amount in controversy exceeds $75,000.  As a result, Plaintiff seeks remand to the Superior Court for the County of Los Angeles, where this case was originally filed and where it rightfully belongs.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 7, 2022.

This motion is based on this Notice, the Memorandum of Points and Authorities, Declaration of Phillip Song, any documents Plaintiff may subsequently file, all other pleadings and papers on file, and any oral argument or other matter that may be considered by the Court.

DATED:  March 14, 2022          **JUSTICE LAW CORPORATION**


By:  */s/ Phillip Song*
    Douglas Han
    Shunt Tatavos-Gharajeh
    Phillip Song
    *Attorneys for* Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................1

II.   PROCEDURAL HISTORY........................................................2

III.  LEGAL STANDARD................................................................3

IV.  ARGUMENT ............................................................................5

     A.   Defendant's Evidence is Insufficient to Establish that the Amount in Controversy Exceeds $75,000 by a Preponderance of the Evidence. ...........................................................................5

          1.   Defendant's Speculative Calculations Lack the Evidentiary Support Required by Law ...........................................6

          2.   Defendant's Amount in Controversy Calculation for Its Failure to Provide Meal Periods and Rest Breaks is Without Support ...7

          3.   Defendant's Amount in Controversy Calculation for Unpaid Wages is Speculative and Self-Serving ....................................10

          4.   Defendant's Amount in Controversy Calculation for Plaintiff's Waiting Time Penalties is Unsupported ...................................12

          5.   Defendant's Amount in Controversy Calculation for Liquidated Damages Calculation Must Be Rejected ...................................13

          6.   Defendant's Amount in Controversy Calculation for Labor Code § 558 Penalties is Improper ...............................14

          7.   Defendant's Amount in Controversy Calculation for Labor Code § 1197.1 Penalties is Inappropriate ...................................15

          8.   Defendant's Amount in Controversy Calculation for Labor Code § 210 Penalties Should Not Be Accepted.......................16

          9.   Defendant's Amount in Controversy Improperly Calculates Attorneys' Fees .......................................................17

/ / /

/ / /

i

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

V.    CONCLUSION ................................................................................................ 19

# TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Abrego v. Dow Chemical Company,*
    443 F.3d 676 (9th Cir. 2006)........................................................................3, 5

*Amaral v. Cintas Corp. No. 2,*
    163 Cal.App.4th 1157 (Cal. Ct. App. 2008) ...............................................14

*Amirian v. Umpqua Bank,*
    2018 U.S. Dist. LEXIS 129228 (C.D. Cal. July 31, 2018) ..........................12

*Baretich v. Everett Fin., Inc.,*
    2018 U.S. Dist. LEXIS 164609 (S.D. Cal. Sep 25, 2018) ...........................10

*Blevins v. Republic Refrigeration, Inc.,*
    2015 U.S. Dist. LEXIS 130521 (C.D. Cal. Sep. 28, 2015).........................11

*Chand v. Burlington Coat Factory of Cal., LLC,*
    2014 U.S. Dist. LEXIS 22985 (E.D. Cal. Feb. 24, 2014) ...........................15

*Conrad Assoc. v. Hartford Acc. & Indem. Co.,*
    994 F.Supp. 1196 (N.D. Cal. Feb. 10, 1998) ...................................................4

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
    574 U.S. 81 at 89 (2014)...............................................................................3, 5

*Dobbs v. Wood Grp. PSN, Inc.,*
    2016 U.S. Dist. LEXIS 108714 (E.D. Cal. Aug. 16, 2016) ...........................4

*Ellis v. Pac. Bell Tel. Co.,*
    2011 U.S. Dist. LEXIS 16045 (C.D. Cal. Feb. 10, 2011)..............................4

*Emmons v. Quest Diagnostics Clinical Labs., Inc.,*
    2014 U.S. Dist. LEXIS 18024 (E.D. Cal. Feb. 11, 2014) ......................12, 13

*Ethridge v. Harbor House Rest.,*
    861 f.2d 1389 (9th Cir. 1988) .......................................................................15

/ / /

/ / /

iii

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Fritsch v. Swift Transp. Co of Ariz., LLC,*
    899 F.3d 785 (9th Cir. 2018)....................................................................3, 18

*Garibay v. Archstone Cmtys, LLC,*
    539 F. App'x 763 (9th Cir. 2013) ............................................................3, 10

*Gaus v. Miles, Inc.,*
    980 F.2d 564 (9th Cir. 1992)..............................................................3, 4, 15

*Gurzenski v. Delta Air Lines, Inc.,*
    2021 U.S. Dist. LEXIS 220257 (C.D. Cal. Nov. 12, 2021).........................18

*Harris v. KM Industrial, Inc.,*
    980 F.3d 684 (9th Cir. 2020) ...................................................................7, 8

*Ibarra v. Manheim Invs., Inc.,*
    775 F.3d 1193 (9th Cir. 2015)..............................................................*passim*

*Kirby v. Immoos Fire Prot., Inc.,*
    53 Cal.4th 1244 (Cal. 2012) .......................................................................18

*Koreisz v. On Q. Fin., Inc.,*
    2018 U.S. LEXIS 210534 (C.D. Cal. Dec. 12, 2018) ...................................9

*Ling v. P.F. Chang's China Bistro,*
    245 Cal.App.4th 1242 (Cal. Ct. App. 2016) ..............................................18

*Lopez v. Ace Cash Express, Inc.,*
    2015 U.S. Dist. LEXIS 38552 (C.D. Cal. Mar. 24, 2015) ....................16, 17

*Marshall v. G2 Secure Staff, LLC,*
    2014 U.S. Dist. LEXIS 95620 (C.D. July 14, 2014)...................................10

*Mendoza v. Savage Servs. Corp.,*
    2019 U.S. Dist. LEXIS 45269 (E. D. Pa. Jan. 24, 2019) ............................11

*Mix v. Allstate Ins. Co.,*
    2000 U.S. Dist. LEXIS 14260 (C.D. Cal. Apr. 19, 2000)..............................4

/ / /

/ / /

*Moberly v. FedEx Corp.,*
    2019 U.S. Dist. LEXIS 30668 (N.D. Cal. Feb. 25, 2019)................... 16, 17

*Ray v. Nordstrom Inc.,*
    2011 U.S. Dist. LEXIS 146657 (C.D. Cal. Dec. 9, 2011) ............................8

*Renazco v. Unisys Tech. Servs., L.L.C.,*
    2014 U.S. Dist. LEXIS 168992 (N. D. Cal. Dec. 5, 2014) ........................15

*Roth v. Comerica Bank*,
    799 F. Supp.2d 1107 (C.D. Cal. 2010) ...................................................4, 8

*Ruby v. State Farm Gen. Ins. Co.,*
    2010 U.S. Dist. LEXIS 88812 (N.D. Cal. Aug. 4, 2010)........................8, 12

*Ruiz v. Paladin Group, Inc.,*
    2003 U.S. Dist. LEXIS 27872 (C.D. 3 Cal. Sep. 29, 2003)........................15

*Salazar v. PODS Enters., LLC,*
    2019 U.S. Dist. LEXIS 78001 (C.D. Cal. May 8, 2019) ............................11

*Sanchez v. Am. Para Prof'l Sys. Inc.,*
    2017 U.S. Dist. LEXIS 134419 (N.D. Cal. Aug. 22, 2017)........................15

*Sanchez v. Monumental Life Ins. Co.*
    102 F. 3d 398 (9th Cir. 1996)........................................................................3

*Sanchez v. Russel, Inc.,*
    2015 U.S. Dist. LEXIS 55667 (C.D. Cal. Apr. 28, 2015)............................5

*Steenhuyse v. UBS Fin. Servs., Inc.,*
    317 F.Supp.3d 1062 (N.D. Cal. 2018) ...................................................16, 17

*Singer v. State Farm Mut. Auto. Ins. Co.,*
    116 F.3d 373 (9th Cir. 1997)........................................................................4

*Valentine v. Rehab Ctr. Of Santa Monica Holding Co. GP, LLC,*
    2018 U.S. Dist. LEXIS 147545 (C.D. Cal. Aug. 28, 2018)..........................8

/ / /

/ / /

*Vilitchai v. Ametek Programmable Power, Inc.,*

    2017 U.S. LEXIS 31623 (C.D. Cal. Mar. 6, 2017)........................................9

*Weston v. Helmerich & Payne Int'l Drilling Co.,*

    2013 U.S. Dist. LEXIS 132930 (E.D. Cal. Sep. 16, 2013) ...........................8

*Yocupicio v. PAE Group, LLC,*

    2014 U.S. Dist. LEXIS 178723 (C.D. Cal. Dec. 29, 2014) ..........................6

**<u>Statutes</u>**

28 U.S.C. § 1332(a) ........................................................................................1, 2

28 U.S.C. § 1367(a) ...........................................................................................1

28 U.S.C. 1441(a) ......................................................................................1, 2, 3

28 U.S.C. 1446 ...............................................................................................1, 2

28 U.S.C. 1446(a)...............................................................................................3

Business and Professions Code § 17200, *et seq.*..............................................2

Labor Code § 201 ...............................................................................................2

Labor Code § 202 ...............................................................................................2

Labor Code § 210 .........................................................................................16, 17

Labor Code § 218.5 ..........................................................................................18

Labor Code § 226.7 ............................................................................................2

Labor Code § 510 ...............................................................................................2

Labor Code §512(a) ...........................................................................................2

Labor Code §558…........................................................................14, 15, 17

Labor Code § 1194 .........................................................................................2, 18

Labor Code § 1194.2 ........................................................................................13

Labor Code § 1197.1 ...................................................................................15, 16

Labor Code § 1198 .............................................................................................2

Labor Code § 2699 ..........................................................................................16

Labor Code § 2800 .............................................................................................2

/ / /

Labor Code § 2802 ..................................................................................2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

For a case filed in state court to be removed to federal district court, the district court must have original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a).  The federal court has original jurisdiction over a case that arises under federal law or where there is a diversity of citizenship between the parties. Here, Plaintiff's ten (10) causes of action arise under California law. Therefore, to properly remove this case, Defendant must demonstrate that the Court has diversity jurisdiction. To do so, federal law requires that Defendant show (1) diversity of citizenship between the parties and (2) an amount in controversy greater than $75,000.

On February 11, 2022, Defendant Arjo Inc. d/b/a ArjoHuntleigh Inc. ("Defendant") improvidently filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332(a), 1367(a), 1441, and 1446. Plaintiff brings the instant Motion for Remand because Defendant failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

First, Defendant did not provide any support to its exaggerated calculations, asserting only conclusory statements supported solely by the testimony of Ms. Audra Mathison, Defendant's human resources director. None of the requisite facts or evidence required to establish federal jurisdiction have been provided. Defendant unjustifiably relies on inflated and unsubstantiated violation rates for all of Plaintiff's claims. Moreover, Defendant's attorney's fees argument also fails because Defendant cannot muster the support to justify its lodestar calculation. Thus, Defendant's Notice of Removal is riddled with conjecture premised on speculative—at best—foundational information. Accordingly, the Court should remand this case back to the Los Angeles County Superior Court.

/ / /

/ / /

## II.   **PROCEDURAL HISTORY**

On January 12, 2022, Plaintiff, on behalf of himself and all others similarly situated, filed a class action lawsuit against Defendant in the Superior Court of California, County of Los Angeles. *See* Dkt. No. 1-2, Ex. 2 (Plaintiff's "Compl.").[1] The Complaint contains ten (10) causes of action: (1) Violation of Labor Code Sections 510 and 1198 (Unpaid Overtime); (2) Violation of Labor Code Sections 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of Labor Code Sections 226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code Sections 1194 and 1197 (Unpaid Minimum Wages); (5) Violation of California Labor Code Sections 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code Section 226(a) (Non-Compliant Wage Statements); (7) Violation of California Labor Code Section 246 (Unpaid Sick Leave); (8) Violation of California Labor Code Sections 2800 and 2802; (9) Violation of California Labor Code Sections 2698, *et seq.* (Private Attorneys General Act of 2004); and (10) Violation of California Business & Professions Code Sections 17200, *et seq.* (Unfair Competition/Unfair Business Practices). *See generally* Compl., ¶¶ 43–123.

On February 12, 2021, Defendant filed its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* Dkt. No. 1 ("Removal."). Plaintiff now moves to remand this case because Defendant failed to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

/ / /

/ / /

/ / /

---

[1] All references to Plaintiff's Complaint will be cited as follows: "Compl., ¶ ___."

### III.   LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, the Ninth Circuit frequently characterizes this restriction as a "strong presumption" against removal. *See Gaus*, 980 F.2d at 566; *Abrego v. Dow Chemical Company*, 443 F. 3d 676, 685 (9th Cir. 2006).

The "short and plain statement" requirement mandates that a notice of removal must contain a plausible allegation that the amount in controversy exceeds the jurisdictional threshold but does not need to contain evidentiary submissions. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (quoting *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89 (2014); *See* 28 U.S.C. § 1446(a). However, if challenged, the burden is on defendant to prove by a preponderance of the evidence that the amount in controversy has been met. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89) ("[e]vidence establishing the amount is required"); *Ibarra*, 775 F.3d at 1197; *Garibay v. Archstone Cmtys. LLC*, 539 F. App'x 763, 764 (9th Cir. 2013); *Abrego*, 443 F.3d at 683. Under this standard, the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996). Therefore, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197.

/ / /

/ / /

/ / /

In attempting to satisfy its burden, Defendant must offer nothing less than competent evidence. *Gaus v. Miles, Ins.,* 980 F.2d at 567. To demonstrate the requisite amount in controversy, parties may submit "'summary-judgment-type evidence' relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997). A defendant "may rely on calculations to satisfy [its] burden so long as [its] calculations are good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pac. Bell Tel. Co.*, 2011 U.S. Dist. LEXIS 16045, *5 (C.D. Cal. Feb. 10, 2011). It is well-settled in the Ninth Circuit that "[a] speculative argument regarding the potential value of the [amount in controversy] is insufficient." *Mix v. Allstate Ins. Co.*, 2000 U.S. Dist. LEXIS 14260, *3 (C.D. Cal. Apr. 19, 2000) (quoting *Conrad Assoc. v. Hartford Acc. & Indem. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. Feb. 10, 1998)); *see also Dobbs v. Wood Grp. PSN, Inc.*, 2016 U.S. Dist. LEXIS 108714, *6 (E.D. Cal. Aug. 16, 2016) (citing *Ibarra*, 775 F.3d at 1199 (assumptions "cannot be pulled from thin air but need some reasonable ground underlying them."). Calculations based on unreasonable and unsupported assumptions cannot overcome the Ninth Circuit's strict construction of removal statutes against removal jurisdiction. *See Roth v. Comerica Bank*, 799 F. Supp.2d 1107, 1115 (C.D. Cal. 2010) (citing cases).

/ / /

/ / /

/ / /

# IV.   <u>ARGUMENT</u>

### A.   Defendant's Evidence is Insufficient to Establish that the Amount in Controversy Exceeds $75,000 by a Preponderance of the Evidence

When a plaintiff contests removal, a defendant must provide evidence establishing the amount in controversy. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89. "Where the complaint does not specify the amount of damages sought, the *removing* defendant must prove by a preponderance of the evidence that the amount in controversy has been met." *Abrego*, 443 F.3d at 683 (emphasis added). Here, Plaintiff's Complaint does not specify the amount of damages sought; nor does the Complaint specify the frequency of the alleged violations. *See* Compl., ¶¶ 43–123. Under these circumstances, the removing party also bears the "burden of providing evidence of the *frequency* of the violations." *Sanchez v. Russel, Inc.*, 2015 U.S. Dist. LEXIS 55667, *20 (C.D. Cal. Apr. 28, 2015) (emphasis added). Without such evidence, there can be no plausible allegation that the amount exceeds the jurisdictional threshold because the assumptions underlying the damage calculations are unsupported. *See Ibarra*, 775 F.3d at 1199 (recognizing that a "damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but needs some reasonable ground underlying them.").

Resultingly, here, it is Defendant's burden to provide evidence in support of the frequency of the allegations it uses to calculate its amount in controversy. However, as will be discussed below, Defendant fails to provide evidence to justify its calculations. Rather, Defendant relies on unsupported violation rates, entirely lacking the sort of "reasonable ground" required of a removing party's assumptions. *Id*. Even the most cursory examination of Defendant's figures reveals glaring flaws in its calculations, which lack any reasonable evidentiary basis. Therefore, because there is no  ground on which Defendant can plant

its footing, its damages calculations must be rejected by the Court.

### 1. Defendant's Speculative Calculations Lack the Evidentiary Support Required by Law.

Citing solely to the Declaration of Audra Mathison, Defendant provides: (1) Plaintiff's was employed by Defendant from April 1, 2019 to August 14, 2020 as a Service Consultant; (2) from April 1, 2019 to February 29, 2020, Plaintiff's hourly rate was $18.00; (3) from March 1, 2020 to August 14, 2020, Plaintiff's hourly rate was $18.47; (4) Plaintiff was paid on a bi-weekly basis; and (5) Service Consultants are typically scheduled for an average of two (2) on-call shifts per month. *See* Removal, ¶¶ 17-20.

This information is not properly authenticated. *See, e.g.*, *Yocupicio v. PAE Group, LLC*, 2014 U.S. Dist. LEXIS 178723, *21–22 (C.D. Cal. Dec. 29, 2014) (finding that a declaration may be used to recount "each project . . . each project's length, the number of employees who worked on each project, the number of shifts worked on each project, the length of the shifts worked, and the number of terminated employees. . ." but those figures must still be "supported by exhibits containing summary payroll records."). Here, Defendant repeatedly cites to Ms. Mathison's declaration, which states that she reviewed documents such as Plaintiff's "personnel records," which were maintained by Defendant in the ordinary course of business. *See* Decl. of Audra Mathison, ¶ 4. Defendant, however, did not produce the personnel records, nor any supporting exhibits demonstrating summary payroll records, as the court found necessary in *Yocupicio*. Especially because Defendant has exclusive access to this information and can easily produce the documents to substantiate Plaintiff's employment records (as demonstrated by its ability to procure them for review in preparation of its witness declaration), Defendant's failure to provide records in support of its speculative calculations is particularly glaring. Defendant seemingly forgets that it is operating in an adversarial system— Plaintiff will not accept Defendant's

6

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

assertions without the required supporting exhibits.

### 2. Defendant's Amount in Controversy Calculation for Its Failure to Provide Meal Periods and Rest Breaks is Without Support.

Defendant improperly assumes that Plaintiff suffered one meal period violation and one rest break violation per shift and calculates his premium damages accordingly. Removal, ¶ 24(c). There are a number of issues with this assertion.

As an initial matter, Defendant's calculations improperly assume that from the time period between April 1, 2019 to August 14, 2020, Plaintiff worked a total of 355 workdays (235 workdays during the time period between April 1, 2019 to February 29, 2020 plus 120 workdays during the time period between March 1, 2020 to August 14, 2020). However, there are only 226 workdays between April 1, 2019 to February 29, 2020, not 235. There are only 116 workdays between March 1, 2020 to August 14, 2020, not 120. Additionally, Defendant's assumed 355-workday figure fails to take into account vacation days, sick days, and other leaves of absence taken by Plaintiff. Assuming the maximum number of workdays during these periods is improper, especially in light of the fact that Defendant maintains unfettered, exclusive access to Plaintiff's time records and can precisely determine the exact number of workdays Plaintiff worked without having to rely on rough approximations and unsupported assumptions.

Defendant also assumes that Plaintiff was eligible for meal and rest breaks for each day that he worked. However, there is nothing within the removal papers that would support this assumption other than Defendant misconstruing Plaintiff's allegations that he "routinely" worked over eight (8) hours in a day and/or forty (40) hours in a week to mean that he always worked in excess of eight (8) hours per day. In *Harris v. KM Industrial, Inc.*, 980 F.3d 684, 701 (9th Cir. 2020), the defendant similarly assumed that employees worked shifts long enough to qualify for meal or rest breaks without providing any evidence to support this

assumption. Consequently, the Ninth Circuit found that the defendant failed to meet it burden because "it relied on assumptions . . . that were unreasonable." *Harris*, 980 F.3d at 701.

Moreover, Defendant's calculations assume a 100% violation rate without providing any evidence to support such calculations. Defendant cannot "simply pull violation rates out of thin air, whether they characterize them as 'conservative' or not, and conclusively state that they are 'reasonable assumptions' about the *most important variables* involved in the necessary calculation." *Valentine v. Rehab Ctr. Of Santa Monica Holding Co. GP, LLC*, 2018 U.S. Dist. LEXIS 147545 at *4 (C.D. Cal. Aug. 28, 2018) (emphasis added). Defendant fails to make any showing that would allow the Court to conclude that the 100% violation rate is a reasonable assumption.

Indeed, courts have rejected much more conservative estimates than those proffered by Defendant here. *See, e.g., Weston v. Helmerich & Payne Int'l Drilling Co.*, 2013 U.S. Dist. LEXIS 132930, at *17 (E.D. Cal. Sep. 16, 2013) (" . . . Defendant provides no factual underpinning for the assumption that a meal and rest break violation occurred one time per *week* . . .") (emphasis added); *Ray v. Nordstrom Inc.*, 2011 U.S. Dist. LEXIS 146657, at *9 (C.D. Cal. Dec. 9, 2011) (rejecting employer's assumption that each class member missed one meal period and one rest period each *pay period*) (emphasis added); *Ruby v. State Farm Gen. Ins. Co.*, 2010 U.S. Dist. LEXIS 88812, at *11–12 (N.D. Cal. Aug. 4, 2010) (rejecting defendant's estimate of one missed meal break and one missed rest break per *workweek* because there was no basis for making this assumption based on the complaint's allegations) (emphasis added); *see, also e.g., Ibarra*, 775 F.3d at 1199; *Roth*, 799 F. Supp.2d at 1124–25. In light of this court's precedent calling into question estimates based on one violation per week, workweek, or pay period, Defendant's calculations relying on one violation per workday, without any substantiating evidence, are clearly inappropriate.

Defendant attempts to justify its 100% violation rate by misconstruing Plaintiff's allegations. Defendant improperly "assumes for its calculations that a meal and rest period was not provided each workday." Removal ¶ 24(c). However, in his Second Cause of Action, Plaintiff merely alleges that Defendant, "intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods." *See* Compl. ¶ 61. In his Third Cause of Action, Plaintiff specifically alleges that Defendant, "willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods." *See* Compl. ¶ 70. When the plaintiff does not specify the frequency of the alleged missed meal or rest periods, the Ninth Circuit has routinely rejected the contention that a plaintiff's allegation can be construed as a 100% violation rate. *See Ibarra,* 775 F.3d at 1199 (rejecting reliance on "pattern and practice" allegation to presume violation occurred on every shift where plaintiff had alleged he worked overtime without compensation on "multiple occasions during his employment," even where plaintiff also alleged defendant maintained "an institutionalized unwritten policy that mandates" the employment violations alleged); *Koreisz v. On Q Fin., Inc.*, 2018 U.S. Dist. LEXIS 210534 at *9 (C.D. Cal. Dec. 12, 2018) ("Perhaps as a tacit acknowledgement that using 100% would not be reasonable [given a 'pattern and practice' allegation]"); *Vilitchai v. Ametek Programmable Power, Inc.*, 2017 U.S. Dist. LEXIS 31623 at *8 (C.D. Cal. Mar. 6, 2017) (concluding that the complaint "does not support 100% or any other specific violation rate" where it does *not* allege missing *all* meal and rest breaks) (emphasis added). Because Defendant's figures are unsupported by the evidence, case law, or allegations within the Complaint, the Court should completely disregard Defendant's calculation for Plaintiff's meal periods and rest breaks to

establish the amount in controversy.

### 3.   Defendant's Amount in Controversy Calculation for Unpaid Wages is Speculative and Self-Serving.

Defendant's amount in controversy calculations for Plaintiff's overtime compensation claims also reveal the speculative nature of its calculations. For example, for on-call shifts, Defendant assumes that he worked two (2) 8-hour shifts per month. Defendant then multiplies sixteen (16) hours by the sixteen and a half (16.5) months that Plaintiff was employed by Defendant. However, as mentioned above, Defendant retains exclusive access to documents relating to Plaintiff's scheduling and can easily identify the length of on-call shifts as well as the number of on-call shifts Plaintiff was required to work. Additionally, Defendant applies Plaintiff's overtime rate to calculate the amount in controversy without first establishing that he was entitled to overtime compensation for these on-call shifts.

Defendant also assumes that Plaintiff had thirty (30) minutes of unpaid pre-shift work and thirty (30) minutes of unpaid post-shift work during the assumed 355-workday figure provided above. As discussed above, this assumed 355-workday figure is a flawed data point, unsupported by any facts. Defendant also arbitrarily assumes that Plaintiff worked one (1) hour of off-the-clock per shift without any support. Defendant is needlessly engaged in speculation and conjecture. As stated in *Baretich v. Everett Fin., Inc.*, "the Court may not simply ignore the Ninth Circuit's directive that it should not rely [on] 'an assumption about the rate of [defendant's] alleged labor law violations that [is] not grounded in real evidence.'" 2018 U.S. Dist. LEXIS 164609 at *13 (quoting *Ibarra*, 775 F.3d at 1199). *See also Garibay* 539 F. App'x at 764 (rejecting defendant's proposed violation rate because it was unsupported by evidence.) *See also Marshall v. G2 Secure Staff, LLC*, (C.D. Cal. July 14, 2014) U.S. Dist. LEXIS 95620 (rejecting defendant's proposed   violation rate when defendant provided

no evidence). Thus, Defendant's calculation for the amount in controversy for unpaid overtime must be omitted as well.

In *Salazar v. PODS Enters., LLC*, the removing defendant assumed thirty minutes per workday, which is more conservative than Defendant here, in order to calculate the amount in controversy for plaintiff's overtime claim. *Salazar v. PODS Enters., LLC*, 2019 U.S. Dist. LEXIS 78001, 11 (C.D. Cal. May 8, 2019). However, the *Salazar* Court rejected the removing defendant's 100% violation rate stating, "when a 100% violation rate is not supported by a factual or evidentiary basis, courts in this district have found that a conservative 20% violation rate—or one hour of overtime pay per week and 30 minutes of minimum pay per week—to be reasonable." *Id. See also Mendoza v. Savage Servs. Corp.*, 2019 U.S. Dist. LEXIS 45269, 2 (remanding case by applying a "20% violation rate to calculate [the plaintiff's] overtime claim" and rejecting an unsupported assumption of a "100% violation rate without any factual or evidentiary support"); *Blevins v. Republic Refrigeration, Inc.*, 2015 U.S. Dist. LEXIS 130521, 10 (remanding and applying a 20% violation rate based upon the plaintiff's allegation that the defendant "regularly miscalculated overtime compensation").

Finally, for its calculations for unpaid off-the-clock work, Defendant applies Plaintiff's overtime rate without any basis. If Plaintiff did not work eight (8) hours in a single shift, any unpaid off-the-clock work should be paid at his hourly rate, not his overtime rate. As Defendant's calculations are speculative and self-serving, the Court should discard Defendant's calculation for the amount in controversy for Plaintiff's claims for unpaid wages.

/ / /

/ / /

/ / /

### 4. Defendant's Amount in Controversy Calculation for Plaintiff's Waiting Time Penalties is Unsupported.

Defendant unjustifiably relies on a 100% violation rate to calculate the amount in controversy for waiting time penalties. Courts applying the preponderance of evidence standard have declined to apply the maximum waiting time penalties. *See e.g., Amirian v. Umpqua Bank*, 2018 U.S. Dist. LEXIS 129228, at \*17 (C. D. Cal. July 31, 2018) ("In the absence of evidence regarding . . . how many were not paid in a timely manner after termination . . . the court has no basis from which to infer a 100% violation rate."); *see also*, *Ruby*, 2010 U.S. Dist. LEXIS 88812, at \*7–8 (N.D. Cal. Aug. 4, 2010) (rejecting defendant's 100% violation rate for waiting time and wage statement penalties as improper because Defendant could not point to any allegation indicating that the maximum penalties should be assessed for every employee for waiting time and wage statement penalties).

With respect to final wages, Plaintiff alleged that, "Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ." *See* Compl. ¶ 81. Plaintiff also alleged, "Plaintiff and other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum . . ." *Id*. at ¶ 84.

The Court should reject Defendant's unsubstantiated 100% violation rate for waiting time penalties. *See Emmons v. Quest Diagnostics Clinical Labs., Inc.*, 2014 U.S. Dist. LEXIS 18024, at \*21–22 (E.D. Cal. Feb. 11, 2014) ("Again, the Ninth Circuit and Courts in this district have recently rejected defendants' assumption of the maximum wage penalty (30 days) for waiting time violations as unsupported by the proper evidence . . . defendants' assumption that each employee is entitled to recover the full   thirty-day   maximum   penalty   has   no

basis in the allegations of the Complaint or the proof submitted by defendants. Plaintiff's complaint alleges that class members may be entitled to penalties for "up to" the thirty day maximum, not that each class member is entitled to the maximum penalty for all thirty days.")

Defendant's calculations again attempt to inflate the amount in controversy in order to meet the $75,000 jurisdictional requirement. Plaintiff has not alleged that he is owed the maximum penalty for Defendant's waiting time violation, nor does the court apply the maximum penalty without proper supporting evidence. *See Emmons, supra,* 2014 U.S. Dist. LEXIS at *21. Because Defendant's assumption that Plaintiff is entitled to the maximum penalty is not supported by either Plaintiff's complaint nor any evidence provided by Defendant in support of its Notice of Removal, the calculation is inaccurate and should be rejected.

### 5. Defendant's Amount in Controversy Calculation for Liquidated Damages Must Be Rejected.

Citing to Labor Code § 1194.2, Defendant contends that, "an employee may recover liquidated damages in an amount equal to the wages unlawfully unpaid. Thus, based on the calculations above, Plaintiff is also seeking at least $21,695 in liquidated damages." *See* Removal, ¶ 24(b). While citing to Labor Code § 1194.2, Defendant completely ignores Labor Code § 1194.2(a), which provides, "Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation." Because Defendant applied overtime wages as its basis for the amount in controversy for Plaintiff's unpaid wages, Defendant's liquidated damages must be stricken entirely, per Labor Code § 1194.2(a).

/ / /

/ / /

/ / /

### 6.     Defendant's Amount in Controversy Calculation for Labor Code § 558 Penalties is Improper.

Defendant's removal papers state that, "Plaintiff is seeking at least $10,350 in penalties on behalf of himself for violations of the Industrial Welfare Commission Orders…" *See* Removal, ¶ 24(h). In order to arrive at this amount, Defendant assumes that he will be able to, "recover $50 for the initial violation and $100 for each subsequent violation…" However, as an initial matter, Defendant fails to establish that Plaintiff would be entitled to both the initial violation and maximum subsequent violations. *See Amaral v. Cintas Corp. No. 2,* 163 Cal. App. 4th 1157, 1209 ("Until the employer has been notified that it is violating a Labor Code provision (whether or not the commissioner or court chooses to impose penalties), the employer cannot be presumed to be aware that its continuing underpayment of employees is a "violation" subject to penalties. However, after the employer has learned its conduct violates the Labor Code, the employer is on notice that any future violations will be punished just the same as violations that are willful or intentional—i.e., they will be punished at twice the rate of penalties that could have been imposed or that were imposed for the initial violation."); *see also Reyna v. Fore Golf Mgmt.,* 2015 U.S. Dist. LEXIS 26015, 8 ("In affirming the trial court's assessment of penalties against the defendant at the "initial violation" rate, the Amaral court's analysis assumed the correct assessment of penalties under the statutes is either the initial violation rate or the subsequent violation rate, not both.") Defendant has not provided any documents to establish that it was provided notice of any violations, entitling Plaintiff to any subsequent violations.

/ / /

/ / /

/ / /

Moreover, courts have found that Labor Code § 558 does not create a private right of action and the statute is limited to authorizing the Labor Commissioner to impose penalties for violations of the Labor Code. *Renazco v. Unisys Tech. Servs., L.L.C.*, 2014 U.S. Dist. LEXIS 168922, *7; *Ruiz v. Paladin Group, Inc.*, 2003 U.S. Dist. LEXIS 27872 (C.D. 3 Cal. Sep. 29, 2003); *Chand v. Burlington Coat Factory of Cal., LLC*, 2014 U.S. Dist. LEXIS 22985 (E.D. Cal. Feb. 24, 2014). As such, Defendant's inclusion of Labor Code § 558 penalties to the amount in controversy is inappropriate and must also be rejected.

### 7. Defendant's Amount in Controversy Calculation for Labor Code § 1197.1 Penalties is Inappropriate.

Defendant contends that, "Based on Labor Code § 1197.1 and Plaintiff's allegations, Plaintiff is seeking at least $8,600 for payment of less than minimum wage (assuming he can recover $100 for the initial violation and $250 for each subsequent violation for each pay period)." *See* Removal, ¶ 24(i).

Because there is doubt as to whether a private right of action exists for class claims under Labor Code § 1197.1, this amount in controversy is inappropriate, and the Court must reject it entirely. As mentioned above, Defendant bears the burden of showing that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Courts must strictly construe the removal statute against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Cases should be remanded if there is any doubt about the existence of federal jurisdiction. *Gaus*, 980 F.2d at 566. In *Sanchez v. Am. Para Prof'l Sys.*, the Court expressly stated, "Here, there is ambiguity surrounding whether a private right of action exists for class claims under § 1197.1. As such, the existence of federal jurisdiction is in doubt, and damages for claims under § 1197.1 must be excluded from the amount in controversy." *Sanchez v. Am. Para Prof'l Sys.*, 2017 U.S. Dist. LEXIS 134419, 6. As such, the Court should reject Defendant's amount in controversy for Labor Code § 1197.1  penalties.

Additionally, Labor Code § 1197.1 penalties are only brought pursuant to Plaintiff's ninth cause of action for violation of California Labor Code §§ 2698, *et seq*. (Private Attorneys General Act ("PAGA") of 2004). Assuming arguendo that such penalties are permissible through a private right of action, which Plaintiff disputes, only 25% of these penalties would be at issue on an individual basis. Under the PAGA, civil penalties are distributed according to the following formula: 75% to the Labor and Workforce Development Agency (LWDA) and 25% to aggrieved employees. Cal. Lab. Code § 2699(i). In *Moberly v. FedEx Corp.*, the Court joined, "those sister courts who have determined the LWDA's 75% share of any PAGA recovery cannot be aggregated with the plaintiff's 25% share to determine the amount in controversy. Accordingly, FedEx must establish that Moberly's 25% share alone satisfies the amount in controversy requirement." *Moberly v. FedEx Corp.*, 2019 U.S. Dist. LEXIS 30668, 7 (N.D. Cal. Feb. 25, 2019); *Lopez v. Ace Cash Express, Inc.*, 2015 U.S. Dist. LEXIS 38552 (C.D. Cal. Mar. 24, 2015) (disagreeing with Patel and finding "the more persuasive reading of *Urbino* is that neither the share of other workers nor the share of the state is to be considered"); *Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1069 (same). Plaintiff fundamentally disagrees that the amount in controversy for Labor Code § 1197.1 penalties should be included at all. However, if the Court should decide that penalties for Labor Code § 1197.1 were appropriately included, these penalties should be limited to 25% of the potential recovery.

**8. Defendant's Amount in Controversy Calculation for Labor Code § 210 Penalties Should Not Be Accepted.**

Defendant contends that, "Based on Cal. Labor Code § 210 and Plaintiff's allegations, Plaintiff is seeking at least $6,900 for failure to timely pay wages each pay period (assuming he can recover $100 for the initial violation and $200 for each subsequent violation for each pay period)." *See* Removal, ¶ 24(j).

/ / /

Defendant fails to establish that Plaintiff would be entitled to both the initial violation and maximum subsequent violations. For the same reasons provided above with respect to Labor Code § 558 penalties, the inclusion of both the initial and maximum subsequent violations are inappropriate.

Plaintiff anticipates that Defendant will argue that by signing Assembly Bill 673 (AB 673) into law, the State of California broadened the scope of Labor Code § 210 to permit recovery of statutory penalties for late wage payments by affected employees on an individual basis. Indeed, AB 673 states, "The bill would authorize an employee to either recover statutory penalties under these provisions or to enforce civil penalties under a specified provision of the Labor Code Private Attorneys General Act of 2004, but not both, for the same violation." Accordingly, an employee must choose to recover in a private right of action or through a PAGA action. Notably, Plaintiff does not seek to recover Labor Code § 210 penalties through any of his other causes of action except for under his ninth cause of action, pursuant to PAGA. Because the Labor Code § 210 penalties are brought pursuant to PAGA, only 25% of these penalties would be at issue on an individual basis. *Moberly v. FedEx Corp.*, 2019 U.S. Dist. LEXIS 30668; *Lopez v. Ace Cash Express, Inc.*, 2015 U.S. Dist. LEXIS 38552; and *Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1069. Defendant has failed to establish an amount in controversy for Labor Code § 210 penalties by a preponderance of evidence and relies on speculative and self-serving assumptions instead, this amount must be disregarded entirely.

### 9.   Defendant's Amount in Controversy Improperly Calculates Attorneys' Fees.

After improperly stretching Plaintiff's damages and penalties calculations as much as possible, Defendant adds an amount in controversy for attorneys' fees based on a percentage of its exaggerated damages and penalties calculations.

/ / /

As an initial matter, attorneys' fees calculated in the amount in controversy can only include those fees based either in contract or statute (i.e., the attorneys' fees shifting provisions in Labor Code §§ 218.5 and 1194 do not apply to legal work relating to meal and rest period claims). *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785; *Kirby v. Immoos Fire Prot., Inc*., 53 Cal. 4th 1244; *Ling v. P.F. Chang's China Bistro*, 245 Cal. App. 4th 1242, 1260-61. Thus, Defendant's inclusion of the alleged amounts in controversy for meal and rest period premiums in calculating the attorneys' fees estimate is improper and must be stricken.

Defendant contends that, "Plaintiff is seeking $27,169 in attorneys' fees (assuming attorneys' fees in the amount of 30% of Plaintiff's alleged damages, which Defendant estimates in $90,564.)" *See* Removal, ¶ 24(k). Defendant inappropriately applies 30% for attorneys' fees to an artificially inflated amount in controversy when courts in the Ninth Circuit use a 25% benchmark for attorneys' fees. *Gurzenski v. Delta Air Lines, Inc.,* 2021 U.S. Dist. LEXIS 220257, 12-13.

Because it is Defendant's burden to establish the amount of attorney's fees for purposes of the amount in controversy—and it failed to do so—the Court "may follow the Ninth Circuit's mandate in *Fritsch [v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018)] and simply use $0." *See Fritch*, 899 F.3d at 796 (a "defendant must prove the amount of attorney's fees at stake by a preponderance of the evidence").

/ / /

/ / /

/ / /

## V.     <u>CONCLUSION</u>

Defendant's amount in controversy allegations depend entirely on unsupported figures and assumptions without any reasonable basis. Defendant bases the entirety of its calculations on unsupported and unreasonable assumptions. Moreover, Defendant erroneously assumes violation rates without any evidentiary support and relies on speculative attorney's fees calculations. Defendant has accordingly failed to prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 in controversy required for original jurisdiction, exclusive of costs and interest. Consequently, this case must be remanded back to the Los Angeles County Superior Court.

DATED:  March 14, 2022            **JUSTICE LAW CORPORATION**

By:  */s/ Phillip Song*
                Douglas Han
                Shunt Tatavos-Gharajeh
                Phillip Song
                *Attorneys for* Plaintiff